

**SIGNED THIS 4th day of April, 2024**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**BEDIONG A. NYOKON,**    **Chapter 13**
    Debtor.    **Case No. 24-50090**

### ORDER

On February 22, 2024, Bediong A. Nyokon filed a voluntary chapter 13 petition *pro se*. *See* ECF Doc. No. 1. In Part 5 of the petition, Mr. Nyokon checked the box that he received a briefing from an approved credit counseling agency within the 180 days before filing the petition, but he did not have a certificate of completion. *See id*. Mr. Nyokon thus did not file the certificate of completion with his petition.

Because the case was filed without a certification that Mr. Nyokon received an approved credit counseling briefing during the 180-day period ending on the filing date, or a certification of exigent circumstances, the Court entered a deficiency order on February 23, 2024. *See* ECF Doc. No. 5. On March 7, 2024, the Court received from Mr. Nyokon a "Certificate of Counseling," certifying that he received the credit counseling briefing on March 6, 2024. *See* ECF Doc. No. 14. Therefore, it appears the debtor completed the credit counseling briefing after the petition was filed and not in the 180-day period ending on the filing date as required by the Bankruptcy Code. *See id.*; 11 U.S.C. § 109(h)(1).

Because Mr. Nyokon did not file a certification of *prepetition* credit counseling briefing and did not file a certification of exigent circumstances, it appeared to the Court that Mr. Nyokon was ineligible to be a debtor in this case and thus that the case needed to be dismissed. To give Mr. Nyokon an opportunity to be heard on this eligibility issue and possible dismissal, the Court issued an order.

Specifically, on March 18, 2024, the Court issued an order requiring Mr. Nyokon to file a request for a hearing with the Court and either (i) provide evidence that he received credit counseling within 180 days prior to filing his petition or (ii) provide a certification pursuant to § 109(h)(3)(A) of the Bankruptcy Code that describes exigent circumstances that merit waiver of the requirement and that states that Mr. Nyokon sought but was unable to obtain credit counseling during the 7-day period beginning on the date on which he made the request. ECF Doc. No. 24. The order provided Mr. Nyokon fourteen days of the entry of the order (i.e., by April 1, 2024) to take such action. The order further provided notice that if Mr. Nyokon failed to do so, the Court would issue a dismissal order without further order or notice.

On March 26, 2024, Mr. Nyokon emailed the Clerk's Office a copy of the "Certificate of Debtor Education," which showed he completed "a course on personal financial management" (i.e., not a credit counseling briefing) on February 22, 2024. *See* ECF Doc. No. 30. The completion of a course on personal financial management, although a postpetition requirement for a discharge, does not satisfy the prepetition credit counseling requirement. As noted above, Mr. Nyokon previously submitted to the Court on March 7, 2024, a "Certificate of Counseling," certifying that he received the credit counseling briefing on March 6, 2024, a date almost two weeks after the petition date. ECF Doc. No. 14. Therefore, Mr. Nyokon completed the credit

counseling briefing *after* the petition was filed and not in the 180-day period ending on the filing date as required by the Bankruptcy Code. *See id.*; 11 U.S.C. § 109(h)(1).

To proceed as a debtor in this Court, an individual must complete the credit counseling briefing within the 180-day period ending on the date of the filing of the petition. An individual may not be a debtor under the Bankruptcy Code "unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). This Court does not have the discretion to waive the credit counseling *pre-filing* requirement unless the circumstances fall within one of the statutory exceptions, none of which have been asserted.

Because Mr. Nyokon did not file a certification of *prepetition* credit counseling briefing and did not file a certification of exigent circumstances, Mr. Nyokon is ineligible to be a debtor, and his case must be dismissed. Accordingly, it is

**O R D E R E D**

that this case and all related pending motions are hereby **DISMISSED.** It is further

**O R D E R E D**

that upon the trustee filing a final report herein, the same shall be deemed approved without further order. The trustee's bond shall be released, and the trustee discharged from further liability herein unless proper objection is made to said final report within thirty (30) days after filing of same or such extended time as may be granted upon proper application made within said thirty (30) day period.

Copies of this order are directed to be sent to the debtor, the chapter 13 trustee, the Office of the United States Trustee, and all creditors and parties in interest on the mailing matrix.

**End of Order**